## MAHAR v. GARTLAND S. S. CO.
### Civil Action No. 2123.

District Court, W. D. New York.
July 7, 1945.

Desmond & Drury, of Buffalo, N. Y. (John E. Drury, Jr., of Buffalo, N. Y. of counsel), for plaintiff.

Richards & Coffey, of Buffalo, N. Y. (Laurence E. Coffey, of Buffalo, N. Y., of counsel), for defendant.

BURKE, District Judge.

The plaintiff was employed as a member of the crew of the vessel "Sullivan Brothers," engaged in trade on the Great Lakes. He alleges that between August 16 and August 21, 1944, he performed services as a seaman for the agreed wage of $44.40, payment of which was refused by the defendant. His claim is that he is entitled to two days pay for each and every day for which such payment has been delayed. The claim is evidently made under Sec. 596, Title 46 U.S.C.A. Defendant moves for summary judgment in its favor with respect to all of plaintiff's claim in excess of $44.40 and interest thereon.

Section 596 was one of the provisions contained in the Shipping Commissioners Act of June 7, 1872, c. 322, 17 Stat. 262. Section 544 of Title 46 U.S.C.A. provides that none of the provisions of certain enumerated sections of Title 46, including Secs. 591-596, shall apply to sail or steam vessels engaged in the lake-going trade. The sections enumerated in Sec. 544 are those contained in the Shipping Commissioner's Act and this section is to be taken as meaning that none of the provisions of the Shipping Commissioner's Act apply to vessels in the lake-going trade. Johnson v. Standard Oil Company of New Jersey, D.C. 33 F.Supp. 982. Since the plaintiff is not entitled to double wages for the period of delay in payment under Sec. 596, double wages are not recoverable under Sec. 597. The limit of recovery to which plaintiff is entitled under the claim is $44.40 with interest. Motion granted.